UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62035-CIV-MARRA

ERICO R. VERDECIA and
CARMEN VERDECIA,

    Plaintiffs,

v.

BANK OF NEW YORK AS TRUSTEE FOR
THE CERTIFICATE HOLDERS CWABS, INC.,
ASSET-BACKED CERTIFICATES, SERIES
2006-13, COUNTRYWIDE HOME LOANS, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR ALLIED MORTGAGE GROUP, INC., and
ALLIED MORTGAGE GROUP, INC., FIRST NLC
FINANCIAL SERVICES, LLC, and WELLS FARGO BANK, N.A.,

    Defendants.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Defendants' Motions to Dismiss (DE 15, 18) and a Request for Judicial Notice (DE 19). The Motions are ripe for review. The Court has considered the briefing and is otherwise fully advised in the premises. For the reasons stated below, Defendants' Motions to Dismiss (DE 15, 18) are **GRANTED** and the Request for Judicial Notice is **DENIED AS MOOT**.

**I. Background**

    This case arises out of a default on a mortgage. On April 24, 2006, Plaintiffs obtained a mortgage from Defendant Allied Mortgage Group, Inc. to purchase a residential property in Sunrise, Florida. Am. Compl., ¶ 35 (DE 14). Plaintiffs agreed to make regular periodic payments and to pay

off the note and mortgage by May 1, 2046. *Id*., ¶ 36. The mortgage contract contained an acceleration clause allowing the mortgagee to require an immediate payment in full of all amounts due in the event of the mortgagor's default. Am. Compl., Ex. B, ¶ 22. Bank of New York is the current holder of the Plaintiffs' mortgage. Am. Compl., ¶ 39. Plaintiffs defaulted on August 1, 2007. *Id.*, ¶ 40. On August 1, 2008, Bank of New York filed a complaint for foreclosure in state court. Am. Compl., Ex. D. In the state court complaint, Bank of New York stated that the mortgage and the note were in default and that Bank of New York was thereby accelerating them. *Id.*, ¶ 16. On June 11, 2009, Bank of New York voluntarily dismissed the foreclosure action without prejudice. Am. Compl., ¶¶ 43-44. The mortgage and note remain unsatisfied. *Id.*, ¶ 45.

Plaintiffs assert that because the statute of limitations for bringing a foreclosure suit has passed, the mortgage is unenforceable and constitutes a cloud on Plaintiffs' title. Thus, Plaintiffs seek an order declaring that a legal or equitable action to enforce the promissory note would be time-barred and that the mortgage and note are unenforceable (Counts I and II) and they seek to quiet title to their property (Count III). Plaintiffs brought this case as a class action, but have not filed a motion to certify the class.

Defendant Wells Fargo moved to dismiss Plaintiffs' Amended Complaint because it alleges no facts related to Wells Fargo. The other Defendants also seek dismissal for failure to state a claim to quiet title because Plaintiffs' obligations are not unenforceable and because Plaintiffs lack standing to bring a claim for declaratory relief when no foreclosure action is pending.

## II. Legal standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon

which it rests." Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. , "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation omitted).

Defendants also moved for dismissal pursuant to the Rule 12(b)(1) due to lack of subject matter jurisdiction arguing that Plaintiffs lack standing to bring a claim for declaratory relief when no foreclosure action is pending.  The Eleventh Circuit has said:

> Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the

3

> allegations in his complaint are taken as true for the purposes of the motion' . . . 'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (citations omitted).

When the attack is facial, the standard is similar to the one employed under Rule 12(b)(6), and all well-pleaded allegations in the complaint are taken as true. *Id.* When the attack is factual, the court may go beyond the pleadings and can weigh the evidence. *Id.* Here, Defendants seem to bring a facial attack, and the Court limits its review to the Amended Complaint and the attached exhibits.

## II. Discussion

### 1. Claims against Wells Fargo

Plaintiffs allege no facts relating to Wells Fargo. Thus, this case is dismissed as to this Defendant.

### 2. Claims against all other Defendants

In Florida, an action on a written instrument or to foreclose a mortgage must be brought within 5 years. Fla. Stat. Ann. § 95.11(2)(b), (c). The statute of limitations on a mortgage foreclosure action does not begin to run until the last payment is due, unless the mortgagee exercises its right to accelerate. *Monte v. Tipton*, 612 So. 2d 714, 716 (Fla. 2d DCA 1993). Then, the statute of limitations begins to run from the date of the acceleration. *Id.*

Plaintiffs state that more than 5 years have passed since the default and more than 5 years have passed since Bank of New York accelerated the mortgage. Therefore, Plaintiffs contend that the mortgagee cannot bring a foreclosure action and that the mortgage is thus unenforceable and

represents a cloud on the title to the property. However, recent cases applying Florida law reject this position. *See Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1271, 1274 (S.D. Fla. 2013); *Dorta v. Wilmington Trust Nat. Ass'n*, 5:13-CV-185-OC-10PRL, 2014 WL 1152917 (M.D. Fla. Mar. 24, 2014); *U.S. Bank Nat. Ass'n v. Bartram*, 39 Fla. L. Weekly D871 (Fla. 5th DCA Apr. 25, 2014); *Evergrene Partners, Inc. v. Citibank, N.A.*, 39 Fla. L. Weekly D1342 (Fla. 4th DCA June 25, 2014).

The courts in *Kaan*, *Dorta*, *Bartram*, and *Evergrene Partners* applied the decision in *Singleton v. Greymar Associates*, 882 So. 2d 1004 (Fla. 2004) to the facts identical or nearly identical to the facts of this case. In *Singleton*, the Florida Supreme Court held that a foreclosure action with acceleration of the debt[1] may bar a successive foreclosure action based on the same default under the doctrine of *res judicata*, but it did not bar subsequent foreclosure actions based on different events of default. *Id.* at 1007. Thus, every missed payment gives rise to a new cause of action for foreclosure. *See id.*

The courts in *Kaan*, *Dorta*, *Bartram*, and *Evergrene Partners* applied *Singleton* to cases where the mortgagors sought orders quieting title or declarations that the mortgages, or the mortgages and notes, were unenforceable because more than 5 years has passed since the mortgagees had filed their initial foreclosure cases and declared acceleration of the debts. *See Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1271, 1274 (S.D. Fla. 2013); *Dorta v. Wilmington Trust Nat. Ass'n*, 5:13-CV-185-OC-10PRL, 2014 WL 1152917 (M.D. Fla. Mar. 24, 2014); *U.S. Bank Nat. Ass'n v. Bartram*, 39 Fla. L. Weekly D871 (Fla. 5th DCA Apr. 25, 2014); *Evergrene Partners, Inc. v. Citibank, N.A.*, 39 Fla. L. Weekly D1342 (Fla. 4th DCA June 25, 2014) (question certified to the

---

[1] The initial foreclosure action in *Singleton* was dismissed with prejudice for mortgagee's failure to appear at a case management conference. 882 So. 2d at 1005.

Florida Supreme Court). The courts concluded that mortgagees could still bring foreclosure actions based on any payments missed subsequent to the initial actions. *Id.*

To state a claim to quiet title under Florida law, a plaintiff must plead facts establishing that plaintiff has title to the property, and that a cloud on the title exists. *Stark v. Frayer*, 67 So. 2d 237, 239-40 (Fla. 1953). The facts giving the alleged cloud validity and invalidity must be pled. *Id.* For the reasons stated in *Kaan*, *Dorta*, *Bartram*, and *Evergrene Partners*, this Court concludes that the note and mortgage on Plaintiffs' property are not unenforceable, and thus Plaintiffs fail to state a claim to quiet title.[2] Likewise, Plaintiff failed to state a claim for a declaratory judgment that the mortgage and note are void.

In Count II, Plaintiffs seek a declaration that any potential foreclosure action would be time-

---

[2]Defendants also argue that section 95.281 of the Florida statutes preclude a finding that the mortgage is unenforceable. This section states in pertinent part:

> (1) The lien of a mortgage or other instrument encumbering real property, herein called mortgage, except those specified in subsection (5), shall terminate after the expiration of the following periods of time:
> (a) If the final maturity of an obligation secured by a mortgage is ascertainable from the record of it, 5 years after the date of maturity.
> (b) If the final maturity of an obligation secured by a mortgage is not ascertainable from the record of it, 20 years after the date of the mortgage, unless prior to such time the holder of the mortgage:
> 1. Rerecords the mortgage and includes a copy of the obligation secured by the mortgage so that the final maturity is ascertainable; or
> 2. Records a copy of the obligation secured by the mortgage from which copy the final maturity is ascertainable and by affidavit identifies the mortgage by its official recording data and certifies that the obligation is the obligation described in the mortgage; in which case the lien shall terminate 5 years after the date of maturity.

Fla. Stat. Ann. § 95.281.

Because the mortgage was executed on April 24, 2006, and was to mature on May 1, 2046, Defendants argue that the mortgage lien must remain in effect under section 95.281 until May 1, 2051, or at least until April 24, 2026. However, it is not necessary to address this issue.

barred. First, it appears that the previous discussion would require a rejection of Plaintiffs' contention. However, the Court need not reach the merits of Plaintiffs' contention because it is well-settled that plaintiff must have standing to bring an action in federal court, and must show that he or she will suffer an imminent, and not a hypothetical, injury. *See DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301-02 (11th Cir. 2008).

Here, Plaintiffs do not allege in the Complaint that a second foreclosure is either imminent or pending.[3] Thus, Plaintiffs are asking for an advisory opinion on the applicability of an affirmative defense in a future hypothetical action. Therefore, Plaintiffs lack standing to seek declaratory relief on this issue.

## IV. Conclusion

Accordingly, Defendants' Motions to Dismiss (DE 15, 18) are **GRANTED**. All other pending motions are **DENIED AS MOOT**. Plaintiffs' claims are **DISMISSED**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of July, 2014.

_____
KENNETH A. MARRA
United States District Judge

---

[3]In the Response to the Motion to Dismiss, Plaintiffs state that they recently received a "Notice of Default and Notice of Intent to Foreclose" from the current servicer of the mortgage. Resp., p. 5 (DE 21). However, the Court cannot consider matters outside of the Complaint when resolving a facial jurisdictional challenge.